UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAN TIAN DEVELOPMENT, LLC, *et al.*, | CASE NO. C20-0286-BJR |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ALEJANDRO N. MAYORKAS, *et al.*, | |
| Defendants. | |

## I.      INTRODUCTION

This matter comes before the Court on the parties' cross motions for summary judgment. Dkt. Nos. 21, 22. Lan Tian Development, LLC and Jing Wang (collectively, "Plaintiffs") allege that U.S. Citizenship and Immigration Services ("USCIS" or the "agency") violated the Administrative Procedure Act ("APA") by denying their I-140 Petition for an "executive" employee visa for Ms. Wang. Having reviewed the cross motions, all documents in support and in opposition to the motions, and the balance of the record, the Court GRANTS Defendants' motion for summary judgment, Dkt. No. 22, and DENIES Plaintiffs' motion for summary judgment, Dkt. No. 21.

## II.  BACKGROUND

Lan Tian Development, Inc. ("Lan Tian") operates and manages vacation rental properties in the Puget Sound area. Dkt. No. 18-1 at 13–14. In August 2018, Lan Tian filed a Petition for Alien Worker (Form I-140) on behalf of the beneficiary Jing Wang, seeking to classify her as multinational executive and thereby obtain an employment based EB-1(C) visa on her behalf. Dkt. No. 18-1 at 2. In its petition, Lan Tian indicated that Ms. Wang would serve as its General Manager, a position that it described as "executive" and as a "Multinational Executive Transferee." *Id.* at 4.

The relevant statute allocates visas for certain multinational executives and managers who "in the 3 years preceding the time of the alien's application for classification and admission into the United States under this subparagraph, has been employed for at least 1 year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and the alien seeks to enter the United States in order to continue to render services to the same employer or to a subsidiary or affiliate thereof in a capacity that is managerial or executive." 8 U.S.C. § 1153(b)(1)(C). "Executive Capacity" means an employee who "primarily:"

    (i)    directs the management of the organization or a major component or function of the organization;
    (ii)   establishes the goals and policies of the organization, component, or function;
    (iii)  exercises wide latitude in discretionary decision-making; and
    (iv)  receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

8 U.S.C. § 1101(a)(44)(B); *see also* 8 C.F.R. § 204.5(j)(2).

In March 2019, USCIS issued a Request for Evidence ("RFE") seeking further documentation regarding Ms. Wang's employment. Dkt. No. 18-1 at 2. Lan Tian responded to the RFE in June 2019, and in September 2019, USCIS issued a Notice of Intent to Deny ("NOID") the petition that set forth reasons USCIS intended to deny the petition and offered Lan Tian an

1   opportunity to respond to those issues. *Id.* Lan Tian responded in October 2019, and USCIS denied

2   the petition in December 2019. *Id.* After that denial, Plaintiffs filed their complaint with this Court

3   in February 2020. Dkt. No. 1.

4        In June 2020, USCIS reopened the petition on its own and issued a second NOID based on

5   the insufficiency of Ms. Wang's proposed duties and to advise Lan Tian of the discrepancies in

6   the record. Dkt. No. 18-1 at 2. Lan Tian responded to the NOID in July 2020. *Id.* Based on the

7   response, USCIS issued another RFE seeking additional information regarding Ms. Wang's

8   recently submitted visa application to change her status to full-time student and her husband's

9   application to change his status to spouse of full-time student. *Id.* at 38–40. In response to the RFE,

10  Plaintiffs submitted, among other information, letters stating that Ms. Wang sought to change her

11  status to full time student "effective September 1, 2020," and that the "General Manager and

12  Account Manager tasks have been delegated to" another employee. *Id.* at 14, 52–58, 60.

13       USCIS denied the petition with a decision dated January 29, 2021. Dkt. No. 18-1 at 15.

14  USCIS explained that to establish that an employee is eligible for a visa as a multinational

15  executive, the petitioner must demonstrate that the position meets all four elements in the statutory

16  definition and prove that the employee will be "primarily" engaged in executive duties as opposed

17  to ordinary operational activities alongside the employer's other employees. *Id.* at 4. USCIS

18  explained that "the description of the beneficiary's duties is still very broad and uses general

19  terms," even though it was reasonable to expect Lan Tian to provide more detail about the position

20  since Ms. Wang had held it for several years. *Id.* at 5. USCIS also explained that the documents

21  submitted by Lan Tian suggested that Ms. Wang had "more involvement in the day-to-day

22  operations of the company than would be expected of an executive." *Id.* at 6. USCIS noted that

23  Lan Tian's small size, few staff members, and organizational structure "calls into question whether

24  there was sufficient staff at the time the petition was filed to relieve the beneficiary of the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT - 3

1    performance of non-executive duties." *Id.* at 7–8. USCIS explained that "the doubt cast on the

2    description of the beneficiary's duties, as well as the lack of detail in the description of the duties,

3    and the inconsistencies described above leave USCIS unable to determine whether or not the

4    beneficiary will be employed in an executive position." *Id.* at 9. Based on the evidence in the

5    record, USCIS noted that even if Ms. Wang was performing some executive duties, the record did

6    not demonstrate that she was primarily performing executive duties. *Id.*

7        In the denial decision, USCIS also explained that the more recently provided information

8    suggested that Lan Tian was no longer operating at the same business location and raised questions

9    as to whether Lan Tian was still doing business. Dkt. No. 18-1 at 12. In addition, USCIS explained

10   that Ms. Wang had recently filed an application to change her nonimmigrant status to F-1 (full

11   time academic student) effective September 1, 2020. *Id.* at 13. USCIS noted that students in F-1

12   status may not work off campus during their first academic year and are significantly limited

13   thereafter in the type of work they may perform. *Id.* Ms. Wang's husband also sought to change

14   his status to F-2 (spouse of student). *Id.* USCIS questioned Lan Tian's ongoing ability to do

15   business given its small number of employees, the leadership positions held by Ms. Wang and her

16   husband, and the limitations on their ability to work while in student status. *Id.* USCIS found that

17   Lan Tian had substantially downsized its operations, operating three rental properties with few

18   reservations and a greatly reduced payroll. *Id.* at 14. As a result, USCIS concluded that the "record

19   did not demonstrate that the beneficiary will be primarily acting in an executive capacity or that,

20   at the time of filing, the petitioning entity could support a primarily executive position." *Id.* at 15

21   (noting that Ms. Wang's full-time student status "supports the determination that the beneficiary

22   will not be employed in a primarily executive capacity").

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.    DISCUSSION

**A.    Legal Standard**

The APA permits judicial review of a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. Under 5 U.S.C. § 706(2)(A), a court may set aside the agency's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Family Inc. v. US Citizen & Immigration Servs.*, 469 F.3d 1313, 1315–16 (9th Cir. 2006) (applying this standard to the agency's determination that the plaintiff would not be acting in a managerial capacity). In evaluating an APA claim, the Court does not determine whether there is any genuine dispute of material fact. *See Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Instead, summary judgment serves as a mechanism for deciding whether the agency's decision is sufficient under the APA based on a review of the administrative record before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.,* 18 F.3d 1468, 1471–72 (9th Cir. 1994); *Occidental Eng'g*, 753 F.2d at 769–70.

Although the Court's review of the facts is to be "searching and careful," it is "not empowered to substitute [its] judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). Rather, the Court reviews the agency's decision to determine if the agency considered the relevant factors and provided "a rational and ample basis for its decision." *Northwest Motorcycle Ass'n*, 18 F.3d at 1471. "The agency's factual findings are reviewed for substantial evidence." *Family Inc.*, 469 F.3d at 1315 (cleaned up). The court "will not disturb the agency's findings under this deferential standard 'unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result.'" *Id.*

1    **B.    Whether USCIS's Decision Was Arbitrary and Capricious**

2    In this case, USCIS considered the relevant factors and provided "a rational and ample

3    basis for its decision." *Northwest Motorcycle Ass'n*, 18 F.3d at 1471. To qualify for a visa as an

4    executive, Ms. Wang had to be eligible when Plaintiffs submitted the I-140 petition and maintain

5    that eligibility throughout the adjudication process. 8 C.F.R. § 103.2(b)(1). However, Ms. Wang

6    applied for a visa as a full-time student effective September 1, 2020, before USCIS concluded the

7    adjudication of the I-140 petition in January 2021. Dkt. No. 18-1 at 13–15. As a full-time student,

8    Ms. Wang was ineligible to work, and she had delegated her executive duties to another employee.

9    Dkt. No. 18-1 at 13, 14, 39–40, 60. Therefore, because she was not primarily performing executive

10   duties, Ms. Wang was ineligible for the visa Lan Tian sought on her behalf. 8 U.S.C.

11   § 1153(b)(1)(C);  8 U.S.C. § 1101(a)(44)(B);  8 C.F.R. § 214.2(f)(9)(ii)(A). Based on those

12   realities, it was not arbitrary and capricious for the agency to conclude that Ms. Wang "will not be

13   employed in a primarily executive capacity." Dkt. No. 18-1 at 15.

14   Additional facts supported USCIS's conclusion that Ms. Wang was not working in a

15   primarily executive role. USCIS found that Ms. Wang was engaged in "day-to-day operational

16   duties such as communicating with customers and monitoring and commenting on guest reviews"

17   rather than primarily executive functions. Dkt. No. 18-1 at 10; *see also Family, Inc.*, 469 F.3d at

18   1316 (upholding grant of summary judgment where employee was performing ordinary

19   operational activities rather than primarily management duties). Moreover, Lan Tian significantly

20   downsized its operations and staffing after USCIS denied the petition the first time in December

21   2019. Dkt. No. 18-1 at 14. Although the record does not state how many employees Lan Tian

22   continued to employ in 2020, it shows that in the second quarter of 2020, its payroll was

23   $28,413.13. *Id.* As a result of the significant downsizing, USCIS found that the record did not

24   demonstrate that Lan Tian could support a primarily executive position. *Id.* at 15. That finding is

1 consistent with the evidence in the record and with caselaw. *See, e.g.*, *Family, Inc.*, 469 F.3d at

2 1316 (holding that "USCIS may properly consider an organization's small size as one factor in

3 assessing whether its operations are substantial enough to support a manager" although that factor

4 alone is not dispositive).

5       Plaintiffs acknowledge the significant downsizing in Lan Tian's operations but claim that

6 USCIS should have granted their petition because the COVID-19 pandemic affected their vacation

7 rental business (and the travel industry in general) based on factors outside their control. Dkt. No.

8 24 at 22. While the Court does not doubt that the pandemic has caused these business disruptions,

9 the regulations do not account for an exception based on such disruption to the requirement that a

10 beneficiary "must continue to be eligible through adjudication." 8 C.F.R. § 103.2(b)(1). Nor can

11 the Court ignore the applicable statutory requirements for visa eligibility that Congress has set

12 forth and chosen not to alter despite the pandemic.

13       Plaintiffs also argue that Ms. Wang only had to intend to work as an executive employee

14 while she was a "prospective" employee rather than actually work as an executive. Dkt. No. 24 at

15 19. In support, Plaintiffs note that 8 C.F.R. § 204.5(j)(5) provides that a "prospective employer in

16 the United States must furnish a job offer in the form of a statement which indicates that the alien

17 is to be employed in the United States in a managerial or executive capacity." However, that

18 regulation sets forth what must be included in an "offer of employment." 8 C.F.R. § 204.5(j)(5).

19 Plaintiffs' reading of the regulation ignores that language and the specific requirement that an I-

20 140 beneficiary "must continue to be eligible through adjudication." 8 C.F.R. § 103.2(b)(1). For

21 the same reason, the Court rejects Plaintiffs' contention that USCIS should have granted the

22 petition because Ms. Wang might one day resume her position as general manager. Dkt. No. 24 at

23 19. USCIS did not err in considering the facts as they existed rather than based on speculation

24 about what might occur in the future.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT - 7

Plaintiffs also claim that USCIS used the wrong standard of proof in adjudicating the application. Dkt. No. 24 at 12. However, the January 2021 decision explicitly states that USCIS applied a preponderance of the evidence standard, and Plaintiffs agree that is the correct standard. *Id.*; Dkt. No. 18-1 at 9 ("USCIS follows the preponderance of the evidence standard in adjudication"); *id.* at 15 (finding that Plaintiffs did not meet the preponderance of the evidence standard). Accordingly, USCIS did not act in an arbitrary or capricious manner in denying the I-140 petition, and Defendants are entitled to summary judgment on Plaintiffs' APA claim.

**C.      Whether Plaintiffs Were Denied Due Process**

Plaintiffs also contend that USCIS violated their due process rights because they were "not made aware of the allegations" on which the December 2019 denial was based. Dkt. No. 21 at 9.[1] The applicable regulation provides, "A request for evidence or notice of intent to deny will be communicated by regular or electronic mail and will specify the type of evidence required, and whether initial evidence or additional evidence is required, or the bases for the proposed denial sufficient to give the applicant or petitioner adequate notice and sufficient information to respond." 8 CFR § 103.2(8)(iv).

The RFE and the NOID that preceded the first denial alerted Plaintiffs to the agency's concerns regarding Ms. Wang's employment and gave them an opportunity to respond. Dkt. No. 18-1 at 2, Dkt. No. 18-6 at 54–58–, Dkt No. 18-11 at 70–73. But even if it had not done so, this Court's review is limited by statute to the "final agency action," which was the January 2021 denial. 5 U.S.C. § 704; *see also* Dkt. No. 8 at 2 (the parties stipulated and agreed that USCIS would reopen the record and "issue a new administrative decision"). The Court does not have jurisdiction to review the December 2019 decision since it is no longer a final agency action. *See, e.g.,*

---

[1] The Government does not contest that Plaintiffs had a due process right in the I-140 petition.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 8

*Mamigonian v. Biggs*, 710 F.3d 936, 941–942 (9th Cir. 2013) (holding that where USCIS reopened a petition it had previously denied, the previous denial is not a "final agency action" for a district court to review); *Bhasin v. U.S. Dep't of Homeland Sec.*, 413 F. App'x 983, 985 (9th Cir. 2011) (USCIS's *sua sponte* reopening of plaintiff's I–130 visa petition rendered its prior order denying the petition non-final and not subject to judicial review under the APA). Now that USCIS has reopened the matter and issued a new decision, the December 2019 decision is no longer the agency's "last word on the matter," so it is not the agency's final decision reviewable by this Court. *Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 984 (9th Cir. 2006).

Turning to the January 2021 decision, which is the agency's final decision, Plaintiffs contend that they did not have a pre-denial opportunity to address the agency's concerns. Dkt. No. 21 at 13. However, Plaintiffs do not identify any basis for the January 2021 decision that was not communicated to them earlier with an opportunity to respond. Plaintiffs' response memorandum highlights in bold text issues they claimed USCIS raised for the first time in other communications, including RFEs, but they do not identify any newly-raised issues in the final agency decision. Dkt. No. 24 at 9–10.

In their motion for summary judgment, Plaintiffs concede that the September 2020 RFE requested information about, among other things, the "F-1 visa petitions of Beneficiary and Spouse" and the continued viability of Lan Tian as a business, concerns that led to the denial of the petition. Dkt. No. 21 at 11; *see also* Dkt. No. 18-3 at 79 (June 2020 NOID explaining that Plaintiffs had failed to establish that Ms. Wang performed primarily executive level day to day tasks because her position description was vague, the business was new and small in size, and there were inconsistencies in the record); Dkt. No. 18-1 at 39–40 (noting in the September 2020 RFE that Ms. Wang and her husband were not allowed to work if they were granted student visas and enumerating concerns about the continued viability of Lan Tian due to recent downsizing).

Therefore, the record shows that USCIS gave Plaintiffs sufficient notice and an opportunity to respond.

Plaintiffs also contend that "USCIS abused its discretion by prolonging adjudication up until the point where many vacation rental businesses suffered losses in the pandemic," so they were in a worse position than when the I–140 was first filed. Dkt. No. 21 at 9–10. However, USCIS first denied the petition in December 2019, before the COVID–19 pandemic, because Plaintiffs did not meet their burden of demonstrating that Ms. Wang was an executive. Dkt. No. 18-4 at 75–80. Therefore, Plaintiffs were not in a worse position because USCIS reopened the matter and gave them a second chance. Regardless, Plaintiffs have not supported their allegation that a delay in adjudicating an I–140 petition amounts to a due process violation or identified any regulation or other source of law that required USCIS to adjudicate their application within a shorter period of time. Moreover, Plaintiffs agreed to stay the case for nearly a year while USCIS conducted further administrative proceedings and issued a new administrative decision. Dkt. Nos. 8, 10, 12, 14, 15. Therefore, Plaintiffs have not shown that Defendants violated their due process rights, and Defendants are entitled to summary judgment on Plaintiffs' due process claim.

## IV.    CONCLUSION

For all the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment, Dkt. No. 22, and DENIES Plaintiffs' motion for summary judgment, Dkt. No. 21.

DATED this 15th day of August, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge